IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**DIVINA CLARA Iaspis BEY**                                                                    **PLAINTIFF**

                                                                         **NO. 3:20CV00024-NBB-JMV**

**MISSISSIPPI HIGHWAY PATROL, ET AL.**                           **DEFENDANTS**

## REPORT AND RECOMMENDATIONS

The *pro se* Plaintiff initiated this lawsuit on January 21, 2020, by filing a form Civil Rights Complaint [1] and a form application/motion [2] for leave to proceed *in forma pauperis* ("IFP"). Plaintiff failed to provide enough information on the IFP application form for the undersigned to determine whether Plaintiff is able to pay the filing fee for this action without suffering "undue financial hardship." Indeed, it appeared the item that requests information regarding Plaintiff's employment had been deleted. Additionally, the answers Plaintiff provided to many of the items on the form were unresponsive to the information solicited. Still, other responses provided by Plaintiff on the form are unintelligible.

Because Plaintiff's IFP application was inadequate, on March 3 the undersigned issued a Show Cause Order [5] that described the deficiencies in the prior filing and required Plaintiff to either complete a new, attached, IFP application form or show cause in writing why the pending IFP application/motion should not be denied. The Order allowed Plaintiff fourteen (14) days, or until March 17, 2020, to comply. A copy of that Order and an acknowledgment form were mailed to Plaintiff at his address of record.

On March 16, however, the Clerk made a notation on the docket that mail from the Court had been returned as undeliverable. *See* Dckt. Entry No. 6. Then, on April 6, the undersigned

issued a second Show Cause Order [7]. That Order noted Plaintiff's noncompliance with the March 3 Order and pointed out that mail sent to Plaintiff by the Court had been returned by the postal service. The April 6 Order directed Plaintiff to, within fourteen (14) days of the date of that Order, either comply with the March 3 Order by completing an attached IFP form or show cause in writing why the IFP application/motion should not be denied and this case closed. Plaintiff was warned that failure to timely comply with that Order and/or failure to keep the Court informed of a current mailing address might result in dismissal of this case. A copy of that Order and an acknowledgment form were mailed to Plaintiff at his address of record.

Plaintiff's response to the April 6 Show Cause Order was due by April 20, and Plaintiff has yet to respond. Moreover, the docket indicates the copy of the April 6 Order that was mailed to Plaintiff was returned as undeliverable. *See* Dckt. Entry No. 8.

Whether to permit or deny an applicant to proceed *in forma pauperis* is within the sound discretion of the Court. *See Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir.1988); 28 U.S.C. § 1915(a). Courts should make the assessment of financial ability after considering whether payment of the filing fee will result in the plaintiff "suffering undue financial hardship." *See Prows,* 842 F.2d at 140. "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.*

In this case, Plaintiff has failed to provide adequate information on his IFP application form. Accordingly, there is no way for this Court to properly assess Plaintiff's ability to pay the filing fee for this action. Therefore, it is recommended that Plaintiff's IFP motion be denied and this case dismissed without prejudice for failure to pay the requisite filing fee.

Alternatively, it is recommended the case be dismissed without prejudice for failure to prosecute. Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an

action for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The court has authority to dismiss the action *sua sponte*, and this authority flows from its inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–31 (1962). Here, Plaintiff has failed to respond to two show cause orders directing him to complete a new IFP application and has failed to keep the Court apprised of a current mailing address.

## Procedure for Filing Objections

The parties are referred to 28 U.S.C. §636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen (14) days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this 28th day of April, 2020.

/s/Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**